UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| DEREK RHODEHOUSE,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY and DOES 1 to 20, Inclusive,<br><br>Defendants. | No. 2:16-cv-01892-JAM-DMC<br><br>**ORDER SUSTAINING OBJECTIONS IN PART AND AWARDING COSTS** |
|---|---|

Plaintiff Derek Rhodehouse was a passenger in a Ford F-350 truck which hit a patch of ice, skid off the road, crashed into a tree, and rolled over. The passenger side roof caved in during the rollover crash. Rhodehouse sought damages against Defendant Ford Motor Company for injuries sustained in the accident. This Court granted Defendant's Motion for Summary Judgment and the Clerk entered Judgment in favor of Defendant. ECF Nos. 69, 70. Defendant subsequently submitted a Bill of Costs. ECF No. 79. Plaintiff has filed Objections to the Bill of Costs. ECF No. 82.

For the reasons set forth below, this Court awards costs to Defendant, and against Plaintiff, in the amount of $24,212.68.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 19, 2019.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

On October 29, 2018, following a hearing, this Court granted Defendant's Motion for Summary Judgment, finding as a matter of law Plaintiff could not succeed on his strict products liability and negligence claims. Order, ECF No. 69. Accordingly, and on the same day, the Clerk of the Court entered Judgment in favor of Defendant. Judgment, ECF No. 70.

On December 13, 2018, pursuant to Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920, and Local Rule 292, Defendant filed a Bill of Costs requesting the clerk to tax costs against Plaintiff in the amount of $27,747.90. Bill of Costs, ECF No. 79; Costs Brief, ECF No. 79-1. Defendant seeks taxable costs incurred for: (1) clerk's fees; (2) printed and electronically recorded deposition transcripts; (3) copying and printing fees; (4) subpoena fees, including costs for obtaining Plaintiff's medical records; and (5) witness fees. Bill of Costs at 1. Two days later, Plaintiff submitted Objections to the Bill of Costs, arguing it was untimely, excessive, and improper. Obj., ECF No. 82. On February 13, 2018, Defendant requested leave to supplement and correct its Bill of Costs to the amount of $28,703.21, and replied to Plaintiff's Objections. Req. to Amend, ECF No. 86.

II. OPINION

A. Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P.

2

54(d)(1). This rule creates a presumption that costs will be taxed against the losing party, but "vests in the district court discretion to refuse to award costs" if the losing party shows why costs should not be awarded. Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591-92 (9th Cir. 2000) (en banc). "Although a district court must 'specify reasons' for its *refusal* to tax costs to the losing party [the Ninth Circuit has] never held that a district court must specify reasons for its *decision* to abide the presumption and tax costs to the losing party." Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) (internal citations omitted) (emphasis in original).

28 U.S.C. § 1920 generally defines the expenses that may be taxed as costs under Rule 54(d). See Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987). Pursuant to 28 U.S.C. § 1920, a judge or court clerk may tax as costs: fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for copies of necessary papers; docket fees, and compensation of court appointed experts. 28 U.S.C. § 1920; see also E.D. Cal. L.R. 292(f).

B. Timeliness

Under Local Rule 292, the Bill of Costs must be filed within fourteen (14) days of entry of judgment. E.D. Cal. L.R. 292(b). Plaintiff argues Defendant's Bill of Costs was untimely because it was filed on November 13, 2018, 15 days after the Judgment was entered on October 29, 2018. Obj. at 1. However, November 12, 2018 was Veteran's Day, a legal holiday, and the time for Defendant to timely file was therefore extended through November

3

13, 2018.  See Fed. R. Civ. P. 6(a)(1)(C).

On the other hand, Defendant's request to supplement the Bill of Costs (ECF No. 86) is not timely under Local Rule 292 and this Court denies the request.

### C. Depositions and Transcripts

Court reporter's fees and costs related to depositions necessarily obtained for use in the case are recoverable. E.D. Cal. L.R. 292(f)(3); 28 U.S.C. § 1920(2).  Plaintiff makes no argument that the transcripts were not "necessarily obtained for use in the case."  Instead, Plaintiff argues Defendant's deposition costs are excessive because Veritext, the court reporter service Defendant engaged, grossly overcharges.  Obj. at 2-3.  This objection is not grounded in law.  While Veritext indeed charges more than the local court reporting service engaged by Plaintiff, this Court will not deny costs to Defendant for relying on a national, reputable court reporting service.

Nevertheless, this Court sustains the objection of excessive court reporting costs for videotaping deposition.  To recover, "the prevailing party must demonstrate that a videotaped copy of the deposition was necessary."  Weco Supply Co. v. Sherwin-Williams Co., 2013 WL 56639, at *5 (E.D. Cal. Jan. 3, 2013). Here, Defendant has not explained why it needed to videotape the depositions of Mr. Rhodehouse ($1,697.50) or Mr. Martin and Ms. Cato ($925.00).  ECF No. 79-4, at 3, 5, 7.  This Court also sustains the objection as to costs for rush fees for the court transcript ($35.40) and deposition transcript of Thomas J. Mampalam ($457.32).  ECF No. 79-4 at 13, 24.

This Court thus reduces the taxable costs for depositions

4

and transcripts from $16,685.15 to $13,569.93.

    D.    Summonses and Subpoenas

The Ninth Circuit has held that fees incurred in the serving of summonses and subpoenas are taxable under 28 U.S.C. § 1920(1). Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 178 (9th Cir. 1990). Plaintiff argues the rush service charges for serving Mr. Suda should not be taxed (Obj. at 4), and this Court agrees. Substituting the "routine process service" fee of $90 for the two rush fees of $300 reduces the costs by $420. Plaintiff further contends that Veritext's fees are higher than is normally charged in Redding, and include fees for legal work. Obj. at 3. But preparation of a subpoena is attendant to its service and Plaintiff has not demonstrated the amounts charged necessarily exceed that for the same service by the Marshal. See E.D. Cal. L.R. 292(f)(2); see also Fay v. Fay, No. 1:13-cv-01362-AWI-MJS, 2015 WL 7271713, at *4 (E.D. Cal. Nov. 17, 2015).

This Court therefore reduces the taxable costs for the service of summons and subpoenas from $2,293.30 to $1,873.30.

    E.    Printing

28 U.S.C. § 1920(4) allows the recovery of "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." Given the increasing reliance on electronically stored information in discovery, courts have permitted recovery for costs related thereto, and this Court will do the same. See, e.g., Sequoia Forestkeeper v. Elliott, No. 1:13-cv-1721-AWI-JLT, 2015 WL 5179069, at *1 (E.D. Cal. Sept. 4, 2015). Despite Plaintiff's arguments, this Court finds the costs in the invoices

from DSUDiscovery and Exela reasonable and statutorily recoverable. Obj. at 5. This Court also finds no merit in Plaintiff's argument that some of the Veritext fees are unrelated to printing and copying of documents. Id. Defendant's Bill of Costs deducted such fees (e.g. service of process fees) from the printing category (and vice versa), as to not double count fees, and custodial fees are related to electronic discovery.

Thus, this Court declines to reduce the taxable costs for printing.

### F. Conclusion

After carefully reviewing and considering Defendant's Bill of Costs, Plaintiff's Objection, and the supporting papers, this Court awards costs as follows:

| | |
|---|---|
| Original amount of costs requested | $27,747.90 |
| Deduction for deposition videotaping costs | -$ 2,622.50 |
| Deduction for transcript rush fees | -$ 492.72 |
| Deduction for rush service fees | -$ 420.00 |
| **Total costs awarded** | **$24,212.68** |

## III. ORDER

For the reasons set forth above, this Court SUSTAINS Plaintiff's Objections in part and awards costs to Defendant in the amount of $24,212.68.

IT IS SO ORDERED.

Dated: February 19, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE